UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Kenneth and Angela Metcalf, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| Lowe's Home Centers, Inc., | ) **JURY TRIAL DEMANDED** |
| The Quikrete Companies, Inc. and | ) |
| The Valspar Corporation; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Come now Plaintiffs Kenneth and Angela Metcalf and for their Complaint against Defendants Lowes's Home Centers, Inc. (Lowe's), The Quikrete Companies, Inc. (Quikrete), and The Valspar Corporation (Valspar), state the following:

1. Plaintiffs Kenneth and Angela Metcalf each reside in the state of Missouri.

2. Upon information and belief, defendant Lowe's is a North Carolina corporation duly organized and existing under law, with its principal place of business in North Carolina.

3. Upon information and belief, defendant Quikrete is a Delaware corporation duly organized and existing under law, with its principal place of business in Georgia.

4. Upon information and belief, defendant Valspar is a Delaware corporation duly organized and existing under law, with its principal place of business in Minnesota.

5. Defendant Lowe's is engaged in the business of operating retail stores selling home improvement products, and engages in such business within this judicial District.

6. Defendants Quikrete and Valspar are engaged in the business of manufacturing, distributing, and/or otherwise placing into the stream of commerce for sale to the public various

products, including Multi-Surface Concrete Sealer, and engage in such business within this judicial District.

7. The amount in controversy in this action exceeds $75,000 for each plaintiff.

8. Jurisdiction in this Court is proper pursuant to diversity of citizenship, 28 U.S.C. § 1332.

9. This case arises out of events occurring within this District and, therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

10. On or around August 30, 2008, plaintiffs went to a Lowe's retail store located in Arnold, Missouri, which is within Jefferson County.

11. While at the store, plaintiffs inquired with a Lowe's employee about removing pet odor from the basement of their home, which is located at 7274 Emerald Forest Drive, St. Louis, Missouri 63129.

12. After consulting with plaintiffs regarding the project, the Lowe's employee told the plaintiffs that they should purchase Quikrete Multi-Surface Concrete Sealer for this project.

13. Based on the recommendation of Lowe's employee, plaintiffs purchased two 1-gallon buckets of Quikrete Multi-Surface Concrete Sealer at Lowe's.

14. While applying Quikrete Multi-Surface Concrete Sealer in their home's basement, plaintiffs were overcome by the fumes from the product and have vacated their home.

## COUNT I – NEGLIGENCE

15. Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-14.

16. At all times relevant hereto, Defendants Lowe's, Quikrete, and Valspar had a duty to use reasonable care during the manufacturing, distribution, advertising, and sale of Quikrete Multi-Surface Concrete Sealer.

17. Defendant Lowe's, by and through its agents and employees, breached its duties to plaintiffs by negligently and carelessly recommending and selling Quikrete Multi-Surface Concrete Sealer to plaintiffs for use on the concrete in their basement.

18. Defendants Quikrete and Valspar breached their duties to plaintiffs by negligently and carelessly manufacturing, distributing, and/or placing their product into the stream of commerce without adequate warnings.

19. Plaintiffs were damaged as a direct result of these breaches of the defendants' duties, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs, and include the costs of remediation and/or repairs costs, loss of value of their real and personal property, loss of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

20. The conduct of defendants was reckless, wanton, and showed a conscious disregard for the safety of others and warrants the imposition of punitive damages against them.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and severally on Count I of their Complaint, for such damages as shall be determined to be fair and reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II – STRICT LIABILITY

21.     Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-14.

22.     Defendants Valspar and Quikrete manufacture and/or place into the stream of commerce for sale to the public Quikrete Multi-Surface Concrete Sealer in the regular course of their businesses.

23.     Defendant Lowes's advertises, sells to the public and/or places into the stream of commerce Quikrete Multi-Surface Concrete Sealer.

24.     Quikrete Multi-Surface Concrete Sealer was unreasonably dangerous at the time of sale to the plaintiffs, when being used as reasonably anticipated without knowledge of its characteristics.

25.     Defendants Lowe's, Valspar, and Quikrete did not give adequate warning of the dangers it presented to plaintiffs.

26.     Plaintiffs used the product in a reasonably anticipated manner and had advised Lowe's employee about how and where the product would be used.

27.     Plaintiffs were damaged as a direct result of the product being sold without an adequate warning, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs.  The damages being sought to be recovered by plaintiffs include the costs of remediation and/or repairs costs, loss of value of their real and personal property, loss of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

28.     The conduct of defendants was reckless, wanton, and showed a conscious disregard for the safety of others by knowingly introducing Quikrete Multi-Surface Concrete

Sealer into commerce with actual knowledge of the lack of adequate warnings and warrants the imposition of punitive damages against them.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and severally on Count II of their Complaint, for such damages as shall be determined to be fair and reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT III – MISSOURI MERCHANDISING PRACTICES ACT

29. Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-14.

30. Plaintiffs purchased Quikrete Multi-Surface Concrete Sealer for personal, family, or household purposes.

31. Defendants Lowe's, Valspar, and Quikrete engaged in deception, fraud, a false pretense, a false promise, a misrepresentation, an unfair practice and/or a concealment suppression, or omission of a material fact in connection with the plaintiffs' purchase of Quikrete Multi-Surface Concrete Sealer for use in their basement.

32. The unlawful act(s) of the defendants Lowe's, Valspar, and Quikrete have resulted in an ascertainable loss of money, real property, and/or personal property to plaintiffs.

33. Plaintiffs have suffered damages due to these unlawful actions, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs. The damages being sought to be recovered by plaintiffs include the remediation and/or repairs costs, loss of value of their real and personal property, loss

of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

34. Pursuant to Section 407.025 V.A.M.S., plaintiffs seek the recovery of punitive damages and attorney's fees from each of the defendants.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and severally on Count III of their Complaint, for such damages as shall be determined to be fair and reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

> GOLDSTEIN and PRICE, L.C.
>   and John R. Halpern (#3310)
>   and Neal W. Settergren (#109830)
>
> By: /s/ Neal W. Settergren_____
>         One Memorial Drive, Suite 1000
>         St. Louis, Missouri 63102-2449
>         Telephone (314) 421-0710
>         Facsimile (314) 421-2832
>
> ATTORNEYS FOR PLAINTIFFS
> KENNETH AND ANGELA METCALF