# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH METCALF, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:09-CV-14 CAS |
| LOWE'S HOME CENTERS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The matter is before the Court on defendants The Quikrete Companies, Inc.'s ("Quikrete") and The Valspar Corporation's ("Valspar") motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and motions to dismiss for lack of subject matter jurisdiction.[1] In their motions, defendants argue diversity jurisdiction does not exist in this matter because the amount in controversy is less than the statutory jurisdictional minimum. Defendants also argue plaintiffs have failed to state claims for negligence and strict liability respectively in Counts I and II. They also contend plaintiffs have not set forth their allegations in Count III, a claim under the Missouri Merchandising Practices Act ("MMPA"), with the requisite particularity as required by Rule 9 of the Federal Rules of Civil Procedure. Defendant Lowe's Home Centers, Inc. ("Lowe's") also moves to dismiss Count III on the same basis. For the following reasons, the Court will grant defendants Quikrete's and Valspar's motions to dismiss for lack of subject matter jurisdiction, and the case will be dismissed in its entirety.

---

[1] Defendants Quikrete and Valspar filed two separate motions that appear to be the identical document. [Docs. 18 and 19]

*I. Background*

In their complaint, plaintiffs Kenneth and Angela Metcalf[2] allege that on or about August 30, 2008, they went to a Lowe's retail store located in Arnold, Missouri, and upon the advice of an employee, purchased two one-gallon buckets of Quikrete Multi-Surface Concrete Sealer to remove pet odor from the basement of their home. Sometime thereafter, plaintiffs applied the Quikrete Multi-Surface Concrete Sealer and "were overcome by the fumes of the product and have vacated their home." Plaintiffs' Complaint at 2, ¶14. There are no other factual allegations in the complaint regarding the circumstances giving rise to their claims.

In their complaint, plaintiffs bring three counts against all three defendants. In Count I for negligence, plaintiffs allege all defendants had duties to use reasonable care in during the manufacturing, distribution, advertising and sale of Quikrete Multi-Surface Concrete Sealer. Defendant Lowe's, they maintain, breached its duties to plaintiffs by negligently and careless recommending and selling Quikrete Multi-Surface Concrete Sealer to the plaintiffs. Plaintiffs maintain defendants Quikrete and Valspar breached their duties by negligently and carelessly manufacturing, distributing or otherwise placing Quikrete Multi-Surface Concrete Sealer into the stream of commerce without adequate warning. As for Count II, strict liability, plaintiffs contend Quikrete Multi-Surface Concrete Sealer was unreasonably dangerous at the time of the sale, and defendants did not give adequate warning of the dangers it presented. Plaintiffs also allege they used the product in a reasonably anticipated manner, and had advised the Lowe's employee as to how and where the product would be used. Finally, as to Count III, violations of the MMPA, plaintiffs allege that they

---

[2]It is unclear from the complaint whether Kenneth and Angela Metcalf are husband and wife or otherwise related.

purchased Quikrete Multi-Surface Concrete Sealer for personal, family or household use; that all three defendants "engaged in deception, fraud, a false pretense, a false promise, or omission of a material fact in connection with the plaintiff's purchase of Quikrete Multi-Surface Concrete Sealer;" and they lost "money, real property, and/or personal property" as a result. Id. at 5, ¶¶ 31 & 32.

As for damages, plaintiffs contend they have "suffered damages due to these unlawful actions, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees and costs. The damages being sought to be recovered by plaintiffs include the remediation and/or repairs (sic) costs, loss of value of their real estate and personal property, loss of use of their home, physical injuries to plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law." Id. at 3-6, ¶¶ 19, 27 & 33. In each count, plaintiffs also allege they are entitled to punitive damages based on defendants' reckless and wanton conduct.

## II. Discussion

### A. Subject Matter Jurisdiction

All three counts in plaintiffs' complaint are based in state law. Plaintiffs seek to invoke this Court's subject matter jurisdiction on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. A district court has original jurisdiction over a civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiffs adequately allege, and it appears to be undisputed that the parties in this matter are citizens of different States. Defendants Quikrete and Valspar challenge the amount plaintiffs allege is in controversy. They argue plaintiffs vague allegation that they were "overcome" by fumes from

the sealant, without any allegations of serious personal injury requiring medical care, is not enough to meet the jurisdictional requirement. They also contend that listing general categories of damages, without more, does not meet the amount in controversy requirement. Plaintiffs counter, citing to Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002), that because they have alleged in good faith that their damages exceed $75,000.00, their allegations must be accepted as true for purposes of a motion to dismiss and, therefore, defendants' motions are without merit. Plaintiffs submitted no exhibits, affidavits, declarations, or evidence of any kind in response to defendants' motions.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). If challenged by the opposing party, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)); State of Missouri ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995). Thus, "the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." Western Surety, 51 F.3d at 173 (quotations omitted). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." Trimble, 232 F.3d at 959 (quotations omitted). A proponent for diversity jurisdiction can satisfy the jurisdictional amount only if "the fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the

damages that the plaintiff suffered are greater than $75,000." Kopp, 280 F.3d at 885. See also Rasmussen, 410 F.3d at 1031; James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005). Federal courts are required to strictly construe the amount in controversy requirement. Snyder v. Harris, 394 U.S. 332, 335 (1969).

In their complaint plaintiffs allege that as a result of the vapors from the Quikrete Multi-Surface Concrete Sealer, they vacated their home. There are no other factual allegations, and plaintiffs presented no evidence of any kind in response to defendants' motions to dismiss. From the record before it, the Court cannot deduce how long plaintiffs vacated their home or how much they have spent on alternative housing. Plaintiffs also claim they are entitled to remediation and repair costs, as well as loss of value of their real estate and personal property. But again, there is no evidence of or even allegations concerning the value of their real and personal property, the damages they sustained, and the costs of remediation and/or repairs. Plaintiffs also list general physical injuries, pain and suffering, and severe emotional distress as damages in their complaint. But likewise there is no evidence or even descriptions of the injuries plaintiffs sustained, the extent of any such injuries, whether plaintiffs sought medical attention, the costs of any medical treatment, whether plaintiffs will suffer long-term effects, and the extent of their pain and suffering.

As stated above, in response to defendants' motions, plaintiffs provided no evidence to support their damages claims. Instead they state in their response memorandum that "[o]nce discovery commences, plaintiffs will of course produce the documentation that supports their various claims for damages." Plaintiffs' Response Memorandum, Doc. 23 at 3. Plaintiffs should not need discovery to establish that their damages exceed $75,000.00. Furthermore, they should have produced documentation in response to defendants' motions to dismiss for lack of subject matter jurisdiction.

Trimble, 232 F.3d at 959. The Court only has the meager and vague allegations in plaintiff's complaint upon which to base its decision regarding the controversy requirement. Even taking plaintiffs' factual allegations as true, which the Court need not do, the Court cannot conclude that one or even both of the plaintiffs suffered damages greater than $75,000.00 as a result of being "overcome" by the fumes of the cement sealer. Kopp, 280 F.3d at 885; Trimble, 232 F.3d at 959.

Plaintiffs have alleged they are entitled to punitive damages in this case, and punitive damages are included in determining the amount in controversy. Allison v. Security Benefit Life Ins., 980 F.2d 1213, 1215 (8th Cir. 1992) (citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943)). However, "when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." Larkin, 41 F.3d at 389. See also Western Surety, 51 F.3d at 173. Plaintiffs must come forth with a preponderance of evidence establishing the threshold amount. Rasmussen, 410 F.3d at 1031. See also Larkin, 41 F.3d at 388-89 (requiring "competent proof" of punitive damages) Aside from alleging defendants' conduct was wanton and reckless, plaintiffs have done nothing to establish they are entitled to punitive damages.

In sum, the Court finds plaintiffs have not met their burden to show by a preponderance of the evidence that they can satisfy the jurisdictional amount in this case. As such, the Court finds it lacks subject matter jurisdiction to preside over this dispute. Defendants Quikrete's and Valspar's motions to dismiss for lack of subject matter will be granted, and the case will be dismissed as to all defendants. The Court declines to address the remaining issues in defendants Quikrete's, Valspar's, and Lowe's motions to dismiss, and the motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants The Quikrete Companies, Inc.'s and The Valspar Corporation's motions to dismiss are **GRANTED**, in part, and **DENIED as moot,** in part. The motions are granted to the extent defendants move to dismiss for lack of subject matter jurisdiction; and denied as moot to the extend defendants move to dismiss for failure to state a claim. [Docs. 18 and 19]

**IT IS FURTHER ORDERED** that defendant Lowe's Home Centers, Inc.'s motion to dismiss for failure to state a claim is **DENIED as moot.** [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiffs Kenneth and Angela's motion for discovery to be opened immediately is **DENIED as moot.** [Doc. 22]

**IT IS FURTHER ORDERED** that plaintiffs' complaint is **DISMISSED, without prejudice,** for lack of jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of April, 2009.