UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH METCALF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09-CV-14 CAS |
| ) | |
| LOWE'S HOME CENTERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiffs' motion to reconsider the Court's April 14, 2009 Order dismissing the cause of action for lack of subject matter jurisdiction, or in the alternative, motion for leave to file an amended complaint. Defendant Lowe's Home Centers, Inc. ("Lowe's") opposes the motion. Defendants The Quikrete Companies, Inc.'s ("Quikrete") and The Valspar Corporation's ("Valspar") failed to respond, and the time to do so had expired. For the following reasons, the Court will deny plaintiffs' motion to amend, but grant plaintiffs leave to file an amended complaint.

*Background*

Plaintiffs filed their complaint against the three defendants on January 6, 2009. In their complaint, plaintiffs alleged that upon the advice of an employee at Lowe's, they purchased two one-gallon buckets of Quikrete Multi-Surface Concrete Sealer to remove pet odor from the basement of their home. They alleged that sometime thereafter, they applied the Quikrete Multi-Surface Concrete Sealer and "were overcome by the fumes of the product and have vacated their home." Plaintiffs' Complaint at 2, ¶14. There were no other factual allegations in the complaint regarding the circumstances giving rise to their claims.

Defendants Quikrete and Valspar moved to dismiss plaintiffs' complaint arguing, among other things, that diversity jurisdiction did not exist because the amount in controversy was less than the statutory jurisdictional minimum. The Court agreed. On April 14, 2009, the Court granted defendants Quikrete's and Valspar's motions to dismiss for lack of subject matter jurisdiction, and dismissed the case in its entirety. Plaintiffs now urge the Court to reconsider this Order, or in the alternative, they ask for leave to amend their complaint to adequately allege the requisite amount in controversy for diversity jurisdiction.

*Discussion*

## I. MOTION TO RECONSIDER

Where a motion to reconsider is made in response to a final order, the Eighth Circuit has instructed district courts to construe it as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted); see also Fed.R.Civ.P. 59(e) advisory committee's note (stating purpose of the rule). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. See Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). The Court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

Plaintiffs provide no explanation as to why they failed to demonstrate at the time the motion to dismiss was pending that the alleged amount in controversy exceeds $75,000.00. It would appear from the exhibits attached to plaintiffs' memorandum in support of their motion for reconsideration that the evidence was available prior to the dismissal, and therefore, this evidence does not qualify as "newly discovered." Innovative Home Health Care, 141 F.3d at 1286. Furthermore, plaintiffs do not claim that the Court committed "manifest error of law or fact" in dismissing the case. Id. For these reasons, plaintiffs' motion to reconsider will be denied.

## II. MOTION FOR LEAVE TO AMEND

Plaintiffs also move that they be granted leave to file an amended complaint. Although a district court "should freely give leave [to amend] when justice so requires," Fed.R.Civ.P. 15(a)(2), "plaintiffs do not enjoy an 'absolute or automatic right to amend' a deficient [c]omplaint." U.S. ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009) (quoting United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005)). Furthermore, "interests of finality dictate that leave to amend should be less freely available after a final order has been entered. . . . '[D]ifferent considerations apply to motions filed after dismissal.'" Id. at 823 (quoting Briehl v. General Motors Corp., 172 F.3d 623, 629 (8th Cir. 1999)); see also Bills v. United States Steel LLC, 267 F.3d 785, 788 (8th Cir. 2001); Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550-51 (8th Cir. 1997); Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). According to the Eighth Circuit, "district courts in this circuit have considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the

merits . . . ." Id.

Before United States ex rel. Roop v. Hypoguard USA, Inc., the Court would not have hestiated denying plaintiffs' motion, because they provided no explanation whatsoever as to why they failed to ask to amend their complaint prior to dismissal. Humphreys, 990 F.2d at 1082 (8th Cir. 1993). That said, Rule 15(a)(2) considerations, which the Court must now take into account, sway the Court otherwise. Here, the complaint was dismissed without prejudice, and it would appear plaintiffs have cured their deficiencies in pleading the requisite amount in controversy. Furthermore, defendants are not prejudiced by the filing of the amended complaint, because plaintiffs could otherwise file a new cause of action. Therefore, the Court, in its discretion, will re-open the above-captioned cause of action and allow plaintiffs leave to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to reconsider the Court's order of dismissal, or in the alternative, for leave to file an amended complaint is **GRANTED**, in part, and **DENIED,** in part. The motion is granted to the extent plaintiffs are granted leave to file an amended complaint. The motion is denied in all other respects. [Doc. 37]

**IT IS FURTHER ORDERED** that the Clerk of Court shall re-open the above-captioned cause of action.

The Court notes, however, that plaintiffs' proposed amended complaint, which was attached as an exhibit to plaintiffs' motion for leave, cannot be docketed because it contains an exhibit label. Therefore,

**IT IS FURTHER ORDERED** that plaintiffs shall file their amended complaint, without an

exhibit label, within three (3) days from the date of this Memorandum and Order. Once filed, defendants shall answer or otherwise respond to the Amended Complaint within the time permitted by the Federal Rules.

                                                                                            /s/ Charles A. Shaw
                                                                                            **CHARLES A. SHAW**
                                                                                            **UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of June, 2009.