UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Kenneth and Angela Metcalf,              ) | |
|                                                                ) | |
|            Plaintiffs,                               ) | |
|                                                                ) | |
| v.                                                        ) | Case No. 09-cv-14 CAS |
|                                                                ) | |
| Lowe's Home Centers, Inc.,              ) | **TRIAL BY JURY DEMANDED** |
| The Quikrete Companies, Inc. and  ) | |
| The Valspar Corporation;                  ) | |
|                                                                ) | |
|            Defendants.                           ) | |

# FIRST AMENDED COMPLAINT

Come now Plaintiffs Kenneth and Angela Metcalf and for their First Amended Complaint against Defendants Lowes's Home Centers, Inc. (Lowe's), The Quikrete Companies, Inc. (Quikrete), and The Valspar Corporation (Valspar), state the following:

    1.    Plaintiffs Kenneth and Angela Metcalf each reside in the state of Missouri.

    2.    Upon information and belief, defendant Lowe's is a North Carolina corporation duly organized and existing under law, with its principal place of business in North Carolina.

    3.    Upon information and belief, defendant Quikrete is a Delaware corporation duly organized and existing under law, with its principal place of business in Georgia.

    4.    Upon information and belief, defendant Valspar is a Delaware corporation duly organized and existing under law, with its principal place of business in Minnesota.

    5.    Defendant Lowe's is engaged in the business of operating retail stores selling home improvement products, and engages in such business within this judicial District.

    6.    Defendants Quikrete and Valspar are engaged in the business of manufacturing, distributing, and/or otherwise placing into the stream of commerce for sale to the public various

products, including Multi-Surface Concrete Sealer, and engage in such business within this judicial District.

7. The amount in controversy in this action exceeds $75,000 for each plaintiff.

8. Jurisdiction in this Court is proper pursuant to diversity of citizenship, 28 U.S.C. § 1332.

9. This case arises out of events occurring within this District and, therefore, venue is proper in this District pursuant to 28 U.S.C. § 1391.

10. On or around August 30, 2008, plaintiffs went to a Lowe's retail store located in Arnold, Missouri, which is within Jefferson County.

11. While at the store, plaintiffs inquired with a Lowe's employee about removing pet odor from the basement of their home, which is located at 7274 Emerald Forest Drive, St. Louis, Missouri 63129.

12. After consulting with plaintiffs regarding the project, the Lowe's employee told the plaintiffs that they should purchase Quikrete Multi-Surface Concrete Sealer for this project.

13. Based on the recommendation of Lowe's employee, plaintiffs purchased two 1-gallon buckets of Quikrete Multi-Surface Concrete Sealer at Lowe's.

14. During the application of Quikrete Multi-Surface Concrete Sealer to plaintiffs' concrete basement in November, which was done using a respirator, plaintiffs were overcome by the fumes from the product and were forced to vacate their home. They have been unable to live in their home since that time.

15. Manufacturers' representatives from Quikrete and/or Valspar, as well as several representatives from Lowe's, have stated that this incident was the plaintiffs' fault because the product is not designed for interior use because the vapors are too strong. One manufacturers'

representative told Angela that the product is unable to cure properly inside of a home due to environmental reasons.

16.     Neither Lowe's, nor the manufacturers (defendants Quikrete and/or Valspar), nor the product's label, warned plaintiffs that the product was not to be used inside their home. Lowe's employee specifically knew that plaintiffs needed a product to use on their concrete basement floor inside their home when he wrongfully advised them to purchase Quikrete Multi-Surface Concrete Sealer. A representative from Lowe's told plaintiffs after the incident that it would, in the future, provide training to its employees in the paint department about this risk to avoid this problem.

17.     On November 22, 2008 plaintiffs sought medical care from Dr. Sivasankara Konala at the Maryland Heights Urgent Care for respiratory problems and were prescribed Prednisone. On January 13, 2009, plaintiffs saw Dr. F. David Schneider, who is the professor and chair of the Department of Family and Community Medicine at St. Louis University. Angela Metcalf complained to Dr. Schneider about light headedness, nausea, dizziness (vertigo), swollen eyes, coughing, fatigue, headaches, and a rash, among other things. She was diagnosed as having an exposure to toxic chemical. Dr. Schneider also noted that Angela Metcalf was at risk for a pre-existing order relating to panic attacks becoming worse with the toxic exposure. Dr. Schneider ordered various blood work and tests on both plaintiffs.

18.     Plaintiffs returned to Dr. Schneider on January 20, 2009 and were advised that Angela's test results were very suggestive of Multiple Chemical Sensitivity as a result of the exposure to toxic chemicals. Multiple chemical sensitivity, or MCS, is an unusually severe sensitivity to different kinds of pollutants. Dr. Schneider advised plaintiffs that Angela should avoid any further exposure to the chemicals, even if that meant not returning to their home.

19.     Angela Metcalf suffers from, among other things, repeated light headedness, nausea, dizziness (vertigo), swollen eyes, coughing, fatigue, and headaches, whenever she was in her home after application of the product.  She has also suffered from sleeplessness, anxiety, and stress from these circumstances.

20.     Plaintiffs purchased their home and real property at 7274 Emerald Forest Drive, St. Louis, Missouri 63129 in 2007 for $150,000.  The home and real property was appraised in 2007 to have a value of $158,000.  From the time of the purchase in 2007 until the day we applied Quikrete Multisurface Concrete Sealant, a time period of approximately 18 months, plaintiffs added to the value of their home significantly through improvements.  Plaintiffs incurred out-of-pocket expenses of more than $30,000 relating to improvements we made to their home, and spent almost all of their free time and money working on home improvement projects.  By the fall of 2008 when plaintiff applied the Quikrete Multisurface Concrete Sealant to their basement floor, they would not have sold their home and real property for less than $200,000, and that is what the fair market value of the home and real property was at that time. In its present condition, the home and real property are not marketable for sale and this incident will need to be disclosed to potential buyers, which will eliminate or severely limit its market value.

21.     Plaintiffs have attempted, without success, to remediate their home.  Despite immense effort, they have been unable to locate any company willing to attempt to remediate fully the chemicals and odors from their home and ensure that their home is safe to occupy. Plaintiffs have obtained bids totaling $23,041.92 for partial remediation, with respect to their clothes, electronic equipment, and removing the chemical from the floor.  One of the contractors, Reet Kemp, attempted on several occasions to contact a representative from the manufacturer, Quikrete and Valspar, about how to remove the chemicals and odor but they were unwilling to

provide any information to him.  One of the managers at Lowe's, Christian, promised plaintiffs that they could use Lowe's industrial strength fans, have three nights at a local hotel, and a $50 stipend for food, but changed his mind and refused to provide plaintiffs with any assistance unless they executed a release of liability, which they were unwilling to do.  Angela Metcalf has also lost wages from her job because she has needed to take time off to address various issues relating to this situation.

22.     As a direct result of being forced to vacate their home, plaintiffs have had to obtain alternative housing.  From November 20-28, 2008, they lived at Studio Plus, which cost us $480.57.  From November 28, 2008 until January 8, 2009, they lived at VIP Corporate Housing in Kirkwood, Missouri for $2,520.  From January 8-20, 2009, they lived at Stonegate Apartments, which cost us $819.  Since January 20, 2009 they have lived at Waterford Manor Apartments, which costs us $665 per month in rent.  They have also been obligated to continue making their monthly mortgage payments of $1,091.55 for their home, which we were forced to vacate in November, 2008.  *Id.*

## COUNT I – NEGLIGENCE

23.     Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-22.

24.     At all times relevant hereto, Defendants Lowe's, Quikrete, and Valspar had a duty to use reasonable care during the manufacturing, distribution, advertising, and sale of Quikrete Multi-Surface Concrete Sealer.

25.     Defendant Lowe's, by and through its agents and employees, breached its duties to plaintiffs by negligently and carelessly recommending and selling Quikrete Multi-Surface Concrete Sealer to plaintiffs for use on the concrete in their basement.

26. Defendants Quikrete and Valspar breached their duties to plaintiffs by negligently and carelessly manufacturing, distributing, and/or placing their product into the stream of commerce without adequate warnings.

27. Plaintiffs were damaged as a direct result of these breaches of the defendants' duties, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs, and include the costs of remediation and/or repairs costs, loss of value of their real and personal property, loss of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

28. The conduct of defendants was reckless, wanton, and showed a conscious disregard for the safety of others and warrants the imposition of punitive damages against them.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and severally on Count I of their Complaint, for such damages as shall be determined to be fair and reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

## COUNT II – STRICT LIABILITY

29. Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-28.

30. Defendants Valspar and Quikrete manufacture and/or place into the stream of commerce for sale to the public Quikrete Multi-Surface Concrete Sealer in the regular course of their businesses.

31. Defendant Lowes's advertises, sells to the public and/or places into the stream of commerce Quikrete Multi-Surface Concrete Sealer.

32. Quikrete Multi-Surface Concrete Sealer was unreasonably dangerous at the time of sale to the plaintiffs, when being used as reasonably anticipated without knowledge of its characteristics.

33. Defendants Lowe's, Valspar, and Quikrete did not give adequate warning of the dangers it presented to plaintiffs.

34. Plaintiffs used the product in a reasonably anticipated manner and had advised Lowe's employee about how and where the product would be used.

35. Plaintiffs were damaged as a direct result of the product being sold without an adequate warning, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs.  The damages being sought to be recovered by plaintiffs include the costs of remediation and/or repairs costs, loss of value of their real and personal property, loss of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

36. The conduct of defendants was reckless, wanton, and showed a conscious disregard for the safety of others by knowingly introducing Quikrete Multi-Surface Concrete Sealer into commerce with actual knowledge of the lack of adequate warnings and warrants the imposition of punitive damages against them.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and severally on Count II of their Complaint, for such damages as shall be determined to be fair and

reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

### COUNT III – MISSOURI MERCHANDISING PRACTICES ACT

37. Plaintiffs re-allege and incorporate herein by reference its allegations set forth in paragraphs 1-36.

38. Plaintiffs purchased Quikrete Multi-Surface Concrete Sealer for personal, family, or household purposes.

39. Defendants Lowe's, Valspar, and Quikrete engaged in deception, fraud, a false pretense, a false promise, a misrepresentation, an unfair practice and/or a concealment suppression, or omission of a material fact in connection with the plaintiffs' purchase of Quikrete Multi-Surface Concrete Sealer for use in their basement.

40. The unlawful act(s) of the defendants Lowe's, Valspar, and Quikrete have resulted in an ascertainable loss of money, real property, and/or personal property to plaintiffs.

41. Plaintiffs have suffered damages due to these unlawful actions, in an amount to be proven at trial, but currently believed to exceed $75,000 for each plaintiff, exclusive of prejudgment interest, fees, and costs. The damages being sought to be recovered by plaintiffs include the remediation and/or repairs costs, loss of value of their real and personal property, loss of use of their home, physical injuries to the plaintiffs, pain and suffering, severe emotional distress, and all other damages recoverable under the law.

42. Pursuant to Section 407.025 V.A.M.S., plaintiffs seek the recovery of punitive damages and attorney's fees from each of the defendants.

WHEREFORE, plaintiffs Kenneth and Angela Metcalf pray for a trial by jury and that this Court enter judgment against Defendants Lowe's, Valspar, and Quikrete, jointly and

severally on Count III of their Complaint, for such damages as shall be determined to be fair and reasonable by a jury, for their costs incurred herein, and for such other and further relief as the Court deems just and proper.

>GOLDSTEIN and PRICE, L.C.
>  and John R. Halpern (#3310)
>  and Neal W. Settergren (#109830)
>
>By: /s/ Neal W. Settergren_____
>      One Memorial Drive, Suite 1000
>      St. Louis, Missouri 63102-2449
>      Telephone (314) 421-0710
>      Facsimile (314) 421-2832
>
>ATTORNEYS FOR PLAINTIFFS
>KENNETH AND ANGELA METCALF

## CERTIFICATE OF SERVICE

I hereby certify that the above document has been served this 2nd day of June, 2009, on the following counsel of record via the Court's ECF system:

Mr. Milton Spaulding
Spencer and Fane, LLP
One North Brentwood Blvd.
Suite 1000
St. Louis, MO  63105
Attorneys for Defendants The Quikrete Companies, Inc.
and The Valspar Corporation

Mr. Justin L. Assouad
Hepler Broom
800 Market
Suite 2300
St. Louis, MO  63101
Attorneys for Defendant Lowe's Home Centers, Inc.

>/s/ Neal W. Settergren_____