# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH METCALF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09-CV-14 CAS |
| ) | |
| LOWE'S HOME CENTERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiffs' motion for sanctions, pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent authority, for defendants The Quikrete Companies Inc.'s ("Quikrete") and The Valspar Corporation's ("Valspar") failure to obey a court discovery order.

On August 27, 2009, plaintiffs Kenneth and Angela Metcalf filed a motion to compel against defendants Quikrete and Valspar for these defendants' failure to respond to plaintiffs' written interrogatories and document requests. Plaintiffs had served defendants Quikrete and Valspar with written interrogatories and document requests on March 17 and 18, 2009. As of the date plaintiffs filed their motion to compel, defendants had provided no responses to these requests whatsoever.

On September 16, 2009, following two extensions of time, defendants responded that their discovery responses would be forthcoming. In fact, they stated in their joint response that "Defendants are providing today copies of Defendants(sic) first responses to Plaintiffs' discovery." Doc. 67.

On September 25, 2009, this Court held a hearing on plaintiffs' motion to compel. According to plaintiffs, approximately one hour before the hearing was scheduled to commence, defense counsel provided defendants Quikrete's and Valspar's purported discovery responses, which consisted of a

number of objections and minimal and provided minimal factual information that was unverified. Following the hearing, at which defendants had an opportunity to be heard, the Court issued an Order granting plaintiffs' motion to compel. The Order states:

> Defendants Valspar and Quikrete shall provide full and complete answers <u>without objections</u>, to plaintiff's interrogatories and request for production on or before October 2, 2009. In the event defendants Valspar and Quikrete fail to do so, significant sanctions shall be imposed. <u>See</u> Doc. 71 (emphasis added).

Attached to plaintiffs' motion for sanctions are: Defendant Valspar's Response to Plaintiffs' Interrogatories; Defendant Valspar's Response to Plaintiffs' Request for Production of Documents; Defendant Quikrete's Response to Plaintiffs' Interrogatories; and Defendant Quikrete's Response to Plaintiffs' Request for Production of Documents, all of which were served on October 2, 2009. After closely examining defendants' responses to plaintiffs' written discovery requests, the Court agrees with plaintiffs that defendants have not obeyed the Court's September 25, 2009 Order. Defendants did not provide full and complete answers without objections. In flagrant disregard of this Court's directive, defendant Valpar objected to Interrogatories Nos. 2, 4, and 8 and Document Requests Nos. 21, 23, and 24; defendant Quikrete objected to Interrogatories Nos. 2, 3, and 21 and Document Requests Nos. 8, 9, 14, 21, 24, and 25.

The Court further finds many of defendants' responses to be evasive and non-responsive, including Valspar's responses to Interrogatories Nos. 10, 14, 20, 21 and Document Request No. 25; and Quikrete's responses to Interrogatories Nos. 1, 8, 9, 10, 12, 13, 14, 16, 20, and 21, and Document Requests Nos. 1, 3, 6, 7, 22, 23, 26, and 28. As examples, Quikrete's response that it "does not manufacture this product and therefore does not perform testings," is entirely non-responsive to plaintiffs' request that Quikrete produce documents relating to any safety testing the

2

company "had performed by another company, or are aware of generally" (see Quikrete's Response to Document Request No. 3); and the fact that "[c]omplaints would have been referred to the Valspar Corporation" does not eliminate Quikrete's duty to produce "any and all complaints or lawsuits filed by any plaintiff against this defendant in the last five (5) years that relates to the use of Quikrete Multisurface Concrete Sealant or any other similar product." (see Quikrete's Response to Document Request No. 6). The Court also notes that under the Federal Rules of Civil Procedure, defendants have a duty to supplement their responses to written discovery requests. That duty, however, does not obliterate defendants' obligation to provide discovery responses. Defendants may not respond to an interrogatory or document request by simply stating, "Investigation continues." Defendants must conduct a reasonable search and provide the information they have that is responsive to the inquiry, if any. If they have no responsive information, they must so state.

Having reviewed defendants Quikrete's and Valspar's responses to plaintiffs' discovery requests, it is the Court's view that these defendants are attempting to use the discovery process for purposes of delay and obfuscation. Furthermore, the Court believes plaintiffs have been prejudiced by defendant Quikrete and Valspur's actions. Therefore, the Court will order defendants to <u>fully and completely respond</u>, without any objections, to plaintiffs' discovery requests by Friday, October 9, 2009. Should defendants Quikrete's and Valspar's fail to comply with the terms of this Order, pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent authority, the Court will strike these defendants' pleadings. The Court further finds plaintiffs are entitled to the costs and attorneys' fees they incurred in pursuing this motion and their motion to compel. Plaintiffs will be ordered to produce documents support an award of attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with the terms of this Order and the Order of September 25, 2009, on or before **October 9, 2009,** defendants The Quikrete Companies Inc. and The Valspar Corporation shall fully and completely respond, without any objections, to plaintiffs' written discovery requests. Failure to comply with the terms of this Order shall result in the Court striking these defendants' pleadings.

**IT IS FURTHER ORDERED** that plaintiffs' motion for sanctions for failure to comply with a Court discovery order is held in **ABEYANCE** until defendants The Quickrite Companies Inc.'s and The Valspar Corporation have had an opportunity to respond to this Order. [Doc. 74]

**IT IS FURTHER ORDERED** that plaintiffs' are entitled to their costs and attorneys' fees incurred in pursuing the motion before the Court and their motion to compel. On or before October 20, 2009, plaintiffs shall produce documents supporting an award of attorneys' fees and costs.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of October, 2009.