**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENNETH METCALF, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09-CV-14 CAS |
| ) | |
| LOWE'S HOME CENTERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On March 11, 2010, Brendan Ryan filed an Alternative Dispute Resolution Compliance Report with the Court. In his report, Judge Ryan stated that an ADR conference was held in this matter on February 24, 2010, but that Quikrete Companies, Inc. ("Quikrete") and The Valspar Corporation ("Valspar") failed to appear and/or participate in good faith. In his comments, Judge Ryan noted "Although counsel advised that the corporate representatives of Quikrete Companies, Inc. and The Valspar Corporation would be readily available, they did not appear for mediation." Doc. 170. On March 21, 2010, defendants Quikrete and Valspar filed a Memorandum to the Court in which they moved for a correction in the ADR report. The memorandum states that counsel for defendants Quikrete and Valspar "had confirmed with the mediator Brendan Ryan, that he did not intend to make a finding of failure to participate in good faith in the mediation on the part of any party." Doc. 171. Defendants Quikrete and Valspar, however, do not dispute that their corporate representatives failed to appear for mediation.

Plaintiffs filed a response to defendants' memorandum. It their response, plaintiffs noted that not until the date of mediation were they and their counsel advised that no corporate representative for Quikrete or Valspar would attend mediation. Plaintiffs also described the mediation and stated

that after plaintiffs had the opportunity offer their position, defendants Quikrete and Valspar made an opening statement in which attorney Deirdre Gallagher repeatedly called plaintiff Angela Metcalf a liar. According to plaintiffs, the mediator told Ms. Gallagher to stop, and at some point, he escorted her, the other defense attorneys, and Lowe's corporate representative(s) out of the room. Judge Ryan then concluded the mediation.

Setting aside whether defendants Quikrete and Valspar did or did not participate in mediation *in good faith*, it is clear that they violated a Court Order and Local Rules of this Court. A scheduling conference pursuant to Federal Rule of Civil Procedure 16 (Rule 16) was held on April 2, 2009. At that time, the parties were asked if they wished to participate in the ADR process pursuant to E.D. Mo. L.R. 6.01 - 6.05. The matter was set for referral to ADR on September 14, 2009. The parties were granted three extensions of the mediation deadline, and the parties were to complete the ADR process and report back to the Court the results of the mediation by February 23, 2010.

The September 15, 2009 Order of Referral required the ADR process to be conducted in compliance with E.D.Mo.L.R. 6.01 - 6.05. The Order of Referral also specifically required:

> (2) <u>Disclosure of Participants and Duty to Attend in Good Faith</u>: Not later than ten (10) days prior to the ADR Conference, each party will provide to the opposing party, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure. This list shall state the names of the individuals attending, and the names and general job titles of employees or agents of corporations or insurance companies who will attend ADR Conferences and participate on behalf of a corporate entity. For early neutral evaluation conferences, all counsel of record and their clients shall attend in person unless otherwise agreed to by the parties or approved by the Court.
>
> Pursuant to Local Rule 6.02(B), all parties, counsel of record, and corporate representatives or claims professionals having authority to settle claims shall attend all mediation conferences and participate in good faith. See <u>Nick v. Morgan's Foods, Inc.</u>, 99 F. Supp.2d 1056 (E.D. Mo. 2000) (finding party did not participate in ADR in good faith where it failed to file the memorandum required by paragraph (1) above

2

and did not send a corporate representative with authority to settle case; monetary sanctions imposed), aff'd, 270 F.3d 590 (8th Cir. 2001).

. . .

(4) Compliance with Deadlines: All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel **shall file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance with any deadline set herein by this Court may result in the imposition of sanctions upon the appropriate party or parties. Doc. 66.

Prior to the mediation held on February 24, 2010, counsel for defendants Quikrete and Valspar never indicated to the Court that mediation would be futile. They did not move to be excused from mediation or to be allowed to participate telephonically. They also did not ask for an extension of the ADR disclosure deadline. By not disclosing to plaintiffs and defendant Lowe's who would participate at the mediation, and indeed by not sending corporate representatives to the mediation, defendants Quikrete and Valspar have violated a court order.

The authority of a district court to require a duly-empowered corporate officer to attend a settlement conference is well-settled. Universal Cooperatives v. Tribal Co-Operative Marketing Development Federation of India, Ltd., 45 F.3d 1194, 1196 (8th Cir. 1995) (citing G. Heileman Brewing Co., Inc. v. Joseph Oat Co., 871 F.2d 648, 655 (7th Cir. 1989)). The Court also agrees with the Honorable Rodney W. Sippel, that the "[p]resence of the corporate representative is the cornerstone of good faith participation [in mediation]." Nick v. Morgan's Foods, Inc., 99 F. Supp.2d 1056, 1062 (E.D. Mo. 2000). Mediation is when all parties have the opportunity to argue their respective positions, and it is often the first time corporate representatives hear about the difficulties they will face at trial. Id. It may also be the first time firmly held positions may be open to change.

Id. "Meaningful negotiations cannot occur if the only person with authority to actually change their mind and negotiate is not present." Id. The Court also agrees with Judge Sippel that availability by telephone is insufficient. "When the absent decision-maker does not have the full benefit of the ADR proceedings, the opposing party's arguments, and the neutral's input. The absent decision-maker needs to be present and hear first-hand the good facts and the bad facts about their case. Instead, the absent decision-maker learns only what his or her attorney chooses to relate over the phone. This can be expected to be largely a recitation of what has been conveyed in previous discussions." Id. There are also credibility and communication problems when participating by telephone, as well as other distractions and pressures on the absent decision-maker's time. Id.

Plaintiffs and their counsel, and defendant Lowe's and its counsel appeared for mediation and, it would seem, they were prepared to participate in good faith. A meaningful mediation did not occur in this case, however, because representatives from defendants Quikrete and Valspar chose not to participate, contrary to a court order. Although it is clear there exists animosity amongst the parties – and the fact that corporate representatives for defendants Quikrete and Valspar did not appear for mediation did not help matters – the Court still believes mediation would be productive in this case. Even if a settlement cannot be reached, the parties may be able to more clearly identify their strengths and weaknesses and prepare for trial. Id. ("Good faith participation in ADR does not require settlement. In fact, an ADR conference conducted in good faith can be helpful even if settlement is not reached."). Also, there is a benefit in having a third-party neutral evaluate and convey his opinion regarding the case, especially for the parties and their corporate representatives. With this in mind, the Court will order the parties to return to mediation.

It is also the opinion of this Court that defendants Quikrete and Valspar should bear the costs of the February 24, 2010 mediation conference. Plaintiffs and defendants Lowe's will be ordered to submit their costs. If defendants Quikrete and Valspar disagree with the reasonableness of those costs or dispute the fact that they should be responsible for the mediation costs, they shall show cause in writing.

Accordingly,

**IT IS HEREBY ORDERED** that, consistent with the terms of this Order, the parties shall conduct a second mediation conference on or before **April 20, 2010.** All parties, counsel of record, and corporate representatives or claims professionals having authority to settle claims shall attend the mediation conference and participate in good faith.

**IT IS FURTHER ORDERED** that not later than ten (10) days prior to the mediation conference, each party will provide to the opposing party, and to the neutral, a list of all persons who will participate in the mediation on behalf of the party making the disclosure. This list shall state the names of the individuals attending, and the names and general job titles of employees or agents of corporations or insurance companies who will attend the mediation conference and participate on behalf of a corporate entity.

**IT IS FURTHER ORDERED** that on or before **March 19, 2010**, plaintiffs Kenneth and Angela Metcalf and defendant Lowe's Home Centers, Inc. shall submit to the Court their costs for preparing for and participating in the mediation that was held on February 24, 2010, which may include costs personally incurred by plaintiffs Kenneth and Angela Metcalf and defendant Lowe's Home Centers, Inc.'s corporate representative(s).

**IT IS FURTHER ORDERED** that defendants Quikrete Companies, Inc. and The Valspar Corporation shall have until **March 26, 2010,** to respond to the reasonableness of those costs and/or show cause why those costs should not be imposed against them. Failure of Quikrete Companies, Inc. and The Valspar Corporation to comply with the terms of this Order, including participating in mediation in good faith, shall result in the Court striking these defendants' pleadings.

                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of March, 2010.