**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH METCALF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-14 CAS |
| | ) | |
| LOWE'S HOME CENTERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on defendant Lowe's Home Centers, Inc.'s ("Lowe's) and

defendants The Quikrete Companies, Inc. ("Quikrete") and The Valspar Corporation's ("Valspar")

motions to dismiss pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to state

a claim. In their motions, defendants argue plaintiffs have not set forth their allegations in Count III,

a claim under the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010, et seq

("MMPA"), with the requisite particularity as required by Rule 9(b). For the following reasons, the

Court will deny defendants' motions to dismiss.

### *I. Background*

Plaintiffs Kenneth and Angela Metcalf make the following allegations in their First Amended

Complaint:

Plaintiffs allege that on or about August 30, 2008, they went to a Lowe's retail store located

in Arnold, Missouri. While at the store, plaintiffs spoke with a Lowe's employee about removing pet

odor from their basement. "After consulting with plaintiffs regarding the project, the Lowe's

employee told the plaintiffs that they should purchase Quikrete Multi-Surface Concrete Sealer ("the

Sealer") for [the] project." First Amended Complaint at 2, ¶12. Based on the recommendation of the

Lowe's employee, plaintiffs purchased the Sealer. According to plaintiffs, in November 2008, during the application of the sealer in their basement, they were overcome by fumes from the Sealer and forced to vacate their home.

Following the application of the Sealer, plaintiffs complained to defendants. Rrepresentatives from Quikrete and/or Valspar, as well as Lowe's have told plaintiffs that the Sealer was not designed for interior use because the fumes from the Sealer are too strong. Plaintiffs allege neither Lowe's nor Quikrete and/or Valspar, however, warned plaintiffs that the Sealer was not to be used inside their home. Furthermore, the Lowe's employee wrongfully advised them to purchase the Sealer, knowing they intended to use the product on their basement floor inside their home.

Plaintiffs allege plaintiff Angela Metcalf suffers from "repeated light heatedness, nausea, dizziness (vertigo), swollen eyes, coughing, fatigue, and headaches," as a result of use of the Sealer inside her home. Id. at 4, ¶19. Plaintiffs also allege she suffers from sleeplessness, anxiety and stress "from these circumstances." Id. Plaintiffs also allege the value of their home has been diminished, if not extinguished, and they have incurred remediation expenses, as well as the cost of obtaining alternative housing.

In their First Amended Complaint, plaintiffs bring three counts against all three defendants. Defendants move to dismiss Count III for failure to state a claim with sufficient particularity. In Count III, for violations of the MMPA, plaintiffs allege that they purchased Quikrete Multi-Surface Concrete Sealer for personal, family or household use; that all three defendants "engaged in deception, fraud, a false pretense, a false promise, or omission of a material fact in connection with the plaintiff's purchase of Quikrete Multi-Surface Concrete Sealer;" and they lost "money, real property, and/or personal property" as a result. Id. at 8, ¶¶ 38-40.

## II. *Discussion*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. In a motion to dismiss, the Court is to accept as true the factual allegations contained in the complaint and then determine whether the allegations establish that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See also Fed. R. Civ. P. 8(a)(2). Under the heightened pleading requirements of Rule 9(b), a complaint alleges sufficient facts to survive a motion to dismiss when the plaintiff states "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud or mistake must "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given thereby." Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982) (citation omitted). In other words, "the complaint must identify the who, what, where, when, and how of the alleged fraud." U.S. ex rel. Joshi v. St. Luke's Hospital, Inc., 441 F.3d 552, 556 (8th Cir. 2006) (internal quotation marks and citation omitted).

Defendants argue plaintiffs must meet Rule 9(b)'s heightened pleading standard in Count III because the MMPA is a consumer fraud statute, which is designed to protect Missouri consumers from fraudulent business practices. Plaintiffs argue Rule 9(b)'s heightened pleading standard does not apply to Count III because there are other means of establishing a violation under the MMPA aside from fraud of mistake.

When reviewing claims under the MMPA, a number of district courts have applied the heightened standard of Rule 9(b). See, e.g., Lavender v. Wolpoff & Abramson, L.L.P., 2007 WL 2507752, at *2 (W.D. Mo. Aug. 30, 2007) (quoting Courchene v. Citibank N.A., 2006 WL 2192110, at *2 (W.D. Mo. Aug. 1, 2006)); Owen v. General Motors Corp., 2006 WL 2808632, at *7-*8 (W.D.

Mo. Sept. 28, 2006); Mattingly v. Medtronic, Inc., 466 F.Supp.2d 1170, 1173-74 (E.D. Mo. 2006); Baryo v. Philip Morris USA, Inc., 435 F.Supp.2d 961, 968 (W.D. Mo. 2006).  The Court, however, need not decide whether Rule 9(b) applies to all MMPA claims, including those that are not based on fraud or mistake, because even under the heightened standard, the Court finds that plaintiffs have pleaded their MMPA claim with sufficient particularity as required under Rule 9(b).

The MMPA prohibits  "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." Mo. Rev. Stat. § 407.020.1.  In order to state a claim for violation of the MMPA, plaintiffs must allege that they (1) purchased a product sold or advertised by defendants; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020.  Chochorowski v. Home Depot U.S.A., Inc., 295 S.W.3d 194, 197-98 (Mo. Ct. App. 2009).  To satisfy the fourth element, plaintiffs are required to allege facts establishing that defendants used or employed a deception, fraud, false pretense, false promise, misrepresentation, unfair practice, concealment, suppression, or omission in connection with purchase of the product.  Id. (citing to § 407.020.1).

Defendant Lowe's argues plaintiffs' allegations in Count III are insufficient because plaintiffs are unable to identify the specific employee who allegedly made the misrepresentation and they did not state exactly what the employee said.  The cases upon which Lowe's relies for the argument that plaintiffs must specifically name the employee are distinguishable from the case at hand.  In Northwestern Mutual Life Insurance Co. v. Gallinger, 2008 WL 4965876 (E.D. Mo. Nov. 18, 2008), the counter-plaintiff alleged that an insurance agent had made fraudulent misrepresentations to him,

4

but the counterclaim did not identify the agent, and there were "no allegations of when or where" the statements where made. Id. at *5. And in Blake v. Career Education Corp., 2009 WL 140742 (E.D. Mo. Jan. 20, 2009), the district court was critical of the plaintiffs' complaint, because plaintiffs had alleged that any number of the defendants or the defendants' representatives had made misrepresentations to the plaintiffs over a period of many years. Id. at *3 ("at some point over a period of five years, one of the six named plaintiffs received information from one of the five named, or the many unnamed admissions representatives, regarding [the college's degree program].") Here, plaintiffs have identified the Lowe's employee with sufficient particularity, and they have given a specific time and place when the alleged statement was made. Plaintiffs allege they spoke with the offending Lowe's employee in the Arnold store on August 30, 2008.

As for what the Lowe's employee said, plaintiffs allege the employee wrongly recommended that plaintiffs purchase the Sealer to remove pet odor from the basement of their house. Plaintiffs allege they purchased the Sealer based on this recommendation, but that the Sealer was not designed for interior use and they were harmed from the strong vapors from the Sealer. The Court finds plaintiffs have sufficiently alleged the factual statements made by the Lowe's employee.

Defendants Valspar and Quikrete[1] are less precise as to how the allegations in Count III are deficient under Rule 9(b). These defendants maintain that plaintiffs "have done nothing more than recite the blackletter requirements from the state statute." Defendants Valspar and Quikrete's Motion to Dismiss Count III at 4. The Court disagrees. Plaintiffs allege specific facts in their First Amended Complaint, which are incorporated by reference in Count III. The Court finds the allegations include

---

[1]In their response, plaintiffs argue defendants Valspar and Quikrete's Motion to Dismiss is untimely. The Court declines to address whether the motion was timely because it finds the motion is clearly without merit.

particularized factual information about the circumstances on which the plaintiffs' MMPA claim rests.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lowe's Home Centers, Inc.'s motion to dismiss Count III for failure to state a claim is **DENIED.** [Doc. 43]

**IT IS FURTHER ORDERED** that defendants The Quikrete Companies, Inc. and The Valspar Corporation's motion to dismiss Count III is **DENIED.** [Doc. 145]

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to supplement plaintiffs' response opposing defendants' motion to dismiss Count III is **DENIED** as moot. [Doc. 156]

_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of March, 2010.