# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH METCALF, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-14 CAS |
| | ) | |
| LOWE'S HOME CENTERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants Home Centers, Inc. ("Lowe's), The Quikrete Companies, Inc. ("Quikrete"), and The Valspar Corporation's ("Valspar") motion for summary judgment as to all counts against them. For the following reasons, the Court will deny defendants' motion for summary judgment.

### *Standard*

The standards applicable to summary judgment motions are well-settled. Pursuant to Federal Rule of Civil Procedure 56©, a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Ia. v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. Bassett v. City of Minneapolis, 211 F.3d 1097, 1107 (8th Cir. 2000).

### *Discussion*

Plaintiffs allege that they purchased Quikrete Multi-Surface Concrete Sealer ("the Sealer") from a Lowe's store after a Lowe's employee told them that it was a suitable product to remove pet odor from the basement of their home. Plaintiffs applied the Sealer in their basement a few months

2

after the purchase. During the application, plaintiffs allege they were overcome by fumes from the Sealer and forced to vacate their home. Nine weeks following their exposure, plaintiffs went to see Dr. Schneider. Kenneth Metcalf complained that at the time of the exposure, he experienced light headedness, and felt drunk and almost euphoric. He also had difficultly standing and walking, and his balance was impaired. According to Mr. Metcalf, these symptoms only improved after leaving the house. Angela Metcalf reported to Dr. Schneider that at the time of exposure she also had light headedness, in addition to nausea, vertigo, swollen eyes, and she nearly passed out. She also complained of coughing. Mrs. Metcalf also reported that her symptoms only improved after leaving the house.

In addition to allegations of physical injuries, plaintiffs also allege that the value of their home has been diminished, if not extinguished, and they have incurred remediation expenses, as well as the cost of obtaining alternative housing. They also claim personal items in their home absorbed the fumes from the Sealer such that they are no longer useable.

In their Amended Complaint, plaintiffs assert three counts against defendants; negligent failure to warn (Count I), strict liability failure to warn (Count II); and violations of the Missouri Merchandising Practices Act ("MMPA") (Count III). In their motion for summary judgment, defendants argue they are entitled to summary judgement as to all three claims because there is insufficient expert testimony to establish plaintiffs suffered damages caused by exposure to the Sealer. They also argue there is insufficient evidence regarding the alleged inadequacies of the Sealer's warning label.

In a Memorandum and Order dated April 26, 2010, the Court granted in part and denied in part defendants' motions to exclude the expert testimony of plaintiffs' treating physician, Dr. David

3

Schneider. The Court found, relying on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and subsequent controlling law, that Dr. Schneider's testimony regarding the causation of the symptoms plaintiffs claimed they experienced immediately following exposure to the Sealer was admissible under Federal Rule of Evidence 702. However, other opinions he offered –such as long-term medical effects of exposure, the habitability of the Metcalfs' home, and whether plaintiffs should use personal items that remained in the home – are inadmissible under Daubert. In the same Memorandum and Order, the Court granted defendants' motions to exclude the testimony of Robert Bockserman, who plaintiffs proffered to testify regarding properties of the Sealer and the adequacy of the Sealer's label, and Ernest Demba, who was proffered to testify regarding the value of the Metcalfs' home after application of the Sealer.

After reviewing the record and the parties' memoranda in support and opposition to summary judgment, the Courts finds there remain disputed facts as to the causation of the symptoms plaintiffs claim they experienced immediately following their exposure to the Sealer, such that defendants are not entitled to summary judgment on these grounds. To the extent plaintiffs are claiming long-term effects as a result of exposure to the Sealer,[1] defendants would be entitled to summary judgment, because there is insufficient evidence of causation. As for plaintiffs' claims of property damage, the Court agrees with defendants that there is insufficient evidence that application of the Sealer rendered the Metcalfs' home permanently uninhabitable. There is also insufficient evidence that the Sealer

---

[1] In plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment, plaintiffs state, contrary to their amended complaint, that they "are not claiming a permanent disease or disability resulting from their exposure that would require expert testimony to link the hazardous chemicals to the medical condition . . . The Metcalfs are not claiming they have acquired a specific or permanent disease from their exposure that would require complex medical testimony . . ." Doc. 162 at 13.

4

permanently damaged their personal items. There remain, however, disputed facts as to when plaintiffs were able to return to their home following application of the Sealer, and defendants are not entitled to summary judgment on this basis.

Defendants also move for summary judgment on the grounds that plaintiffs have not submitted admissible expert evidence regarding the adequacy of the Sealer's warning label. Again, after reviewing the record before it, the Court finds there remain issues of disputed facts as to whether the Sealer's label was confusing and/or misleading, and whether it adequately warned plaintiffs of the dangers the Sealer presented. Defendants are not entitled to summary judgment as to the adequacy of the Sealer's warning label.

Undeniably, the April 26, 2010 Memorandum and Order significantly narrowed plaintiffs' cause of action, which in turn will limit the damages they are seeking. That said, there remain disputes of material facts for a jury to decide as to whether plaintiffs can establish the essential elements of their claims. Defendants are not entitled to summary judgment based on the grounds they raise in their motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Lowe's Home Centers, Inc., The Quikrete Companies, Inc., and The Valspar Corporation's joint motion for summary judgement is **DENIED.** [Doc. 146]

**IT IS FURTHER ORDERED** that defendants Lowe's Home Centers, Inc., The Quikrete Companies, Inc., and The Valspar Corporation's joint motion to reopen discovery to complete discovery of plaintiff's past medical history is **DENIED as moot.** [Doc. 159]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   27th    day of April, 2010.